### 30401. WALDROUP *v.* THE STATE.

DECIDED SEPTEMBER 15, 1944.

*S. M. Ledford, Joseph G. Collins,* for plaintiff in error.
*G. Fred Kelley, solicitor-general, Pat Haralson, John E. Frankum,* contra.

BROYLES, C. J. The defendant was indicted for a violation of section 67-9902 of the Code which reads: "Removal, etc., of incumbered property to hinder levy; venue. Any mortgagor, giver of purchase-money lien, lien for rent, or any lien created by contract between the parties, or the holder or possessor of any property under mortgage or liens above referred to, who shall run off, remove, hide, or in any way dispose of said property under mortgage or lien, so as to hinder, delay, or prevent the levying officer of the county of defendant's bona fide residence from levying on any property covered by mortgage or lien by virtue of the foreclosure of said mortgage or lien, shall be guilty of a misdemeanor. The venue shall be in the county of defendant's bona fide residence where search is made." The defendant was convicted of the offense charged; and his motions for a new trial and in arrest of judgment were overruled.

The indictment and the evidence showed that the personal property was purchased by the defendant under a conditional sales contract which provided that the title to the property was retained by the vendor until its purchase-price was paid; that the purchase-price had not been paid, although past due; that the vendor had foreclosed his lien, and an execution thereon was issued and properly recorded; that the levying officer of the defendant's bona fide county searched for the property at the defendant's home for the purpose of levying the foreclosure, but failed to find the property, and the defendant failed and refused to produce said property, and said officer made an entry of nulla bona as to the property.

The defendant in his motion for a new trial, and in his motion in arrest of judgment, contends that section 67-9902 of the Code is not applicable where the property in question is purchased under a conditional sales contract whereby the vendor retains title to the property until the purchase-price is paid, because in such a case the vendor does not have a lien on the property, but has a title thereto. That is the controlling question in this case. This court certified the question to the Supreme Court, and that court in its answer held against the contention of the defendant and that section 67-9902 of the Code was applicable to the facts of this case.

The evidence authorized the verdict; and the special grounds of the motion for new trial show no cause for a reversal of the

judgment. Under the foregoing rulings, the overruling of the motion in arrest of judgment was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*